DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiff
CHRISTOPHER BROUSSARD


# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| CHRISTOPHER BROUSSARD, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company and DOES 1 through 20, inclusive,<br><br>        Defendants. | ) Case No.<br>)<br>) **COMPLAINT FOR DAMAGES**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendants' repeated violations of the following:  the Rosenthal Fair Debt Collection

Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA),
and out of the invasions of Plaintiff's personal privacy by
these Defendants and their agents in their illegal efforts to
collect a consumer debt.

3.    Venue is proper in this district because the acts and
transactions occurred here, Plaintiff resides here, and
Defendants transact business here.

**PARTIES**

4.    Plaintiff CHRISTOPHER BROUSSARD ("Plaintiff") is a
natural person who resides in the City of Modesto, County of
Stanislaus, State of California and is a "consumer" as that term
is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a
violation of the FDCPA with standing to bring a claim under 15
U.S.C. §1692k.

5.    Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC
(hereinafter "Defendant PORTFOLIO") is a Delaware limited
liability company and a collection agency operating from an
address of 120 Corporate Boulevard, Suite 100, Norfolk, VA
23502, and is a "debt collector" as that term is defined by 15
U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

6.    In excess of four years before Defendant acts alleged
herein, Plaintiff incurred a financial obligation that was

primarily for personal, family, or household purposes, which subsequently went into default, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

7.    Sometime thereafter the debt was cosigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

8.    In or around January 25, 2013, Defendant PORTFOLIO contacted Plaintiff in writing in an attempt to collect money on this expired debt.

## TRIAL BY JURY

9.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.   US Const. amend. 7.   Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

10.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

12.   As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

13.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

14.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

15.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the

solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

16.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly contacting her to pay this debt, and making false threats of legal action against her, and thereby invading Plaintiff's right to privacy and to be let alone.

17.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

18.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

19.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

20.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)

21.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

23.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

///

///

///

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined as trial and for Plaintiff, and

- for such other and further relief as may be just and proper.

## COUNT III

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against each and every Defendant and for Plaintiff.

DATED:   January 21, 2014          Respectfully submitted,

DELTA LAW GROUP


BY: _____
    JIM G. PRICE
    Attorneys for Plaintiff
    CHRISTOPHER BROUSSARD